AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
                    Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| **MICHAEL P. LUCKETT** | Case Number: **I: 08 CR 10087  - 001 - WGY** |
| | USM Number: 27011038 |
| | Brad Bailey |

Defendant's Attorney

☑ Additional documents attached

Transcript Excerpt of Sentencing Hearing

☐

## THE DEFENDANT:

☑ pleaded guilty to count(s)  1-4 _____

☐ pleaded nolo contendere to count(s)  _____
which was accepted by the court.

☐ was found guilty on count(s)  _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1341 | Mail Fraud | 08/31/07 | 1-4 |

    The defendant is sentenced as provided in pages 2 through ___10___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)  _____

☐ Count(s)  _____  ☐ is  ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/15/08

Date of Imposition of Judgment

*William A. Young*

Signature of Judge

The Honorable William G. Young

Judge, U.S. District Court

Name and Title of Judge

*October 17, 2008*

Date

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page   2   of   10

DEFENDANT: **MICHAEL P. LUCKETT**   ✚

CASE NUMBER: **1: 08 CR 10087 - 001 - WGY**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    **36**    month(s)

on each of counts 1-4, the sentence on each count to run concurrent one count with the other.

☑ The court makes the following recommendations to the Bureau of Prisons:

Participation in the 500 hour drug treatment program

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at  _____ ☐ a.m.   ☐ p.m.   on  _____ .

   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☑ before 2 p.m. on   11/19/08  _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on  _____   to  _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page ___3___ of ___10___

DEFENDANT:  **MICHAEL P. LUCKETT**                        ▣

CASE NUMBER: **1: 08 CR  10087   - 001 - WGY**

## SUPERVISED RELEASE                        ☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     36    month(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
                Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:   **MICHAEL P. LUCKETT**

CASE NUMBER:  **1: 08  CR  10087   - 001  - WGY**

Judgment—Page ___4___ of ___10___

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The defendant may The defendant is to participate in an inpatient or outpatient  program for substance abuse as directed by Probation which program may include testing not to exceed 104 tests per year  to determine whether the defendant has reverted to the use of alcohol or drugs. be required to contribute to the cost of such program
The defendant is to pay the balance of the restitution owed according to a court ordered repayment plan.

The defendant is prohibited from incurring new credit charges or opening new lines of credit without the approval of the probation officer.

The defendant is to provide the probation officer access to any requested financial information.
The financial information provided may be shared with the Financial Litigation Unit of the US Attorneys Office.

The defendant is to participate in a mental health treatment program as directed by probation

## Continuation of Conditions of ☐ Supervised Release ☐ Probation

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 5 - D  Massachusetts - 10/05

DEFENDANT: **MICHAEL P. LUCKETT**                     Judgment — Page __5__ of __10__

CASE NUMBER: **1: 08  CR  10087   - 001  - WGY**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $    $400.00 | $ | $    $97,387.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk USDC | $97,387.00 | $97,387.00 | |

See attached list

☐ See Continuation Page

| **TOTALS** | $    $97,387.00 | $    $97,387.00 |
|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement  $ $97,387.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

United States v. Michael Patrick Luckett
Cr. No. 08-10087-WGY

List of victims entitled to restitution:

1. Van Conrad Cady                    Loss: $40,000

2. Ted Larry Gregory                  Loss: $15,000

3. Nichole Newman                     Loss: $10,000

4. Gina M. & Joshua D. Nielsen        Loss: $50,000

5. William O'Neal                     Loss: $15,000

6. Irina A. & George J. Pepper        Loss: $15,400

7. Saurin Shah                        Loss: $3,000

8. Merill Staton                      Loss: $100,000

9. Nina and Ralph Webb                Loss: $64,000

1

AO 245B(05-MA)      (Rev 06/05) Judgment in a Criminal Case
                    Sheet 6 - D. Massachusetts - 10/05

DEFENDANT:  **MICHAEL P. LUCKETT**                              Judgment — Page ___6___ of ___10___

CASE NUMBER: **1:  08  CR  10087   - 001 - WGY**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   [X]  Lump sum payment of $  $97,787.00 _____  due immediately, balance due

     [ ] not later than _____ , or
     [ ] in accordance    [ ] C.   [ ] D,    [ ] E. or   [X] F below; or

B   [ ]  Payment to begin immediately (may be combined with   [ ] C.    [ ] D, or   [ ] F below); or

C   [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ , (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E   [ ]  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [X]  Special instructions regarding the payment of criminal monetary penalties:

     As directed by the US Probation Office

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several                                                                [ ] See Continuation
                                                                                         Page

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
     and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal.
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev  06/05) Criminal Judgment
           Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:      **MICHAEL P. LUCKETT**                    ■          Judgment — Page  7  of   10
CASE NUMBER:  **1: 08  CR  10087   - 001 - WGY**
DISTRICT:          **MASSACHUSETTS**

## STATEMENT OF REASONS

**I**    **COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☑   **The court adopts the presentence investigation report without change.**

B  ☐   **The court adopts the presentence investigation report with the following changes.**
         (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
         (Use Section VIII if necessary.)

     1      ☐   **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or
                 specific offense characteristics):

     2      ☐   **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments,
                 role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility).

     3      ☐   **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or
                 scores, career offender, or criminal livelihood determinations).

     4      ☐   **Additional Comments or Findings** (including comments or factual findings concerning certain information in the
                 presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation,
                 or programming decisions):

C  ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II**   **COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  ☑   No count of conviction carries a mandatory minimum sentence.

B  ☐   Mandatory minimum sentence imposed.

C  ☐   One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the
         sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum
         does not apply based on

         ☐   findings of fact in this case
         ☐   substantial assistance (18 U.S.C. § 3553(c))
         ☐   the statutory safety valve (18 U.S.C § 3553(f))

**III**   **COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:          24
Criminal History Category:   I
Imprisonment Range:      51      to  63        months
Supervised Release Range:  2        to  3        years
Fine Range: $ 10,000        to  $ 100,000
☑   Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)   (Rev 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:   **MICHAEL P. LUCKETT**                     ⊞       Judgment — Page  8  of  10
CASE NUMBER: **1: 08 CR 10087  - 001 - WGY**
DISTRICT:        **MASSACHUSETTS**

## STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Cheek only one.)

A ☐   **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

B ☐   **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
(Use Section VIII if neeessary )

C ☑   **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
(Also complete Seetion V.)

D ☐   **The court imposed a sentence outside the advisory sentencing guideline system.**  (Also complete Seetion VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applieable.)

A   **The sentence imposed departs** (Cheek only one.):
  ☑  below the advisory guideline range
  ☐  above the advisory guideline range

B   **Departure based on** (Check all that apply.):

  1        **Plea Agreement** (Check all that apply and cheek reason(s) below.):
           ☐  5K1.1 plea agreement based on the defendant's substantial assistance
           ☐  5K3.1 plea agreement based on Early Disposition or "Fast-traek" Program
           ☑  binding plea agreement for departure accepted by the court
           ☐  plea agreement for departure, which the court finds to be reasonable
           ☐  plea agreement that states that the government will not oppose a defense departure motion.

  2        **Motion Not Addressed in a Plea Agreement** (Check all that apply and eheck reason(s) below.):
           ☐  5K1.1 government motion based on the defendant's substantial assistance
           ☐  5K3.1 government motion based on Early Disposition or "Fast-traek" program
           ☐  government motion for departure
           ☐  defense motion for departure to which the government did not object
           ☐  defense motion for departure to which the government objeeted

  3        **Other**
           ☐  Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2 1 | Death | ☐ 5K2 11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ 5K2 12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychologieal Injury | ☐ 5K2 13 | Diminished Capacity |
| ☐ | 5H1 3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2 14 | Public Welfare |
| ☐ | 5H1 4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ 5K2 16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1 6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ 5K2 18 | Violent Street Gang |
| ☐ | 5H1 11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2 9 | Criminal Purpose | ☐ 5K2 21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2 10 | Victim's Conduct | ☐ 5K2 22 | Age or Health of Sex Offenders |
| | | | | | | ☐ 5K2 23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1 1 commentary) |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA )   (Rev 06/05) Criminal Judgment
    Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:  **MICHAEL P. LUCKETT**        Judgment — Page 9 of 10

CASE NUMBER: **1: 08 CR 10087 - 001 - WGY**

DISTRICT:   **MASSACHUSETTS**

# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

 **A** **The sentence imposed is** (Check only one.):
  ☐ below the advisory guideline range
  ☐ above the advisory guideline range

 **B** **Sentence imposed pursuant to** (Check all that apply.):

  1 **Plea Agreement** (Check all that apply and check reason(s) below.):
   ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
   ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
   ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

  2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
   ☐ government motion for a sentence outside of the advisory guideline system
   ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
   ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

  3 **Other**
   ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below ).

 **C** **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

  ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U S C. § 3553(a)(1)
  ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U S.C § 3553(a)(2)(A))
  ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
  ☐ to protect the public from further crimes of the defendant (18 U.S.C § 3553(a)(2)(C))
  ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U S C. § 3553(a)(2)(D))
  ☐ to avoid unwarranted sentencing disparities among defendants (18 U S C § 3553(a)(6))
  ☐ to provide restitution to any victims of the offense (18 U.S.C § 3553(a)(7))

 **D** **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

AO 245B ( 05-MA ) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: | **MICHAEL P. LUCKETT** |
| CASE NUMBER: | **1: 08 CR 10087   - 001 - WGY** |
| DISTRICT: | **MASSACHUSETTS** |

Judgment --- Page  10  of   10

# STATEMENT OF REASONS

## VII   COURT DETERMINATIONS OF RESTITUTION

A   ☐   Restitution Not Applicable.

B   Total Amount of Restitution:   97,387.00 _____

C   Restitution not ordered (Check only one.):

1   ☐   For offenses for which restitution is otherwise mandatory under 18 U S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C § 3663A(c)(3)(A).

2   ☐   For offenses for which restitution is otherwise mandatory under 18 U S C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C § 3663A(c)(3)(B).

3   ☐   For other offenses for which restitution is authorized under 18 U S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4   ☐   Restitution is not ordered for other reasons  (Explain )

D   ☐   Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | | |
|---|---|---|
| Defendant's Soc. Sec. No.: | 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 | Date of Imposition of Judgment |
| | | 10/15/08 |
| Defendant's Date of Birth: | 1969 | |
| Defendant's Residence Address: n/a | | Signature of Judge |
| | | The Honorable William G/ Young Judge, U.S. District Court |
| Defendant's Mailing Address: | n/a | Name and Title of Judge |
| | | Date Signed  *October 17, 2008* |

```
 1              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
 2
                              Criminal No.
 3                            08-10087-WGY

 4

 5

 6   * * * * * * * * * * * * * * * * *
                                     *
 7   UNITED STATES OF AMERICA        *
                                     *
 8   v.                              *   SENTENCING EXCERPT
                                     *
 9   MICHAEL LUCKETT                 *
                                     *
10   * * * * * * * * * * * * * * * * *

11

12          BEFORE:  The Honorable William G. Young,
                         District Judge
13

14

15

16

17

18

19

20

21

22

23
                              1 Courthouse Way
24                            Boston, Massachusetts

25                            October 15, 2008
```

1          **THE COURT:**   Mr. Michael Patrick Luckett, the Court

2    determines to accept the binding plea agreement considering

3    that it does, in the Court's judgment, comport with the

4    statutory requirements of 18 United States Code, Section

5    3553(a).

6          The Court, therefore, sentences you on each of the

7    counts of conviction to 36 months in the custody of the

8    United States Attorney General, the sentence on each count

9    to run concurrent one with the other.   The Court places you

10   on supervised release for a period of three years.

11         The Court imposes no fine on you due to your

12   inability to pay a fine.   The Court imposes upon you

13   restitution in the amount of $97,387.   The civil action

14   brought by the Securities and Exchange Commission and the

15   sums disbursed pursuant to that civil action are not to be

16   counted toward the payment of this restitution.   A special

17   assessment of $400, $100 on each count, is imposed.

18         The Court imposes the following special conditions

19   of supervised release.   You're prohibited from possessing a

20   firearm, destructive device, or other dangerous weapon.

21   You'll pay restitution according to a court ordered

22   repayment schedule.   You're prohibited from incurring new

23   credit charges or opening additional lines of credit without

24   the approval of the probation office.   You're to provide the

25   probation office access to any requested financial

1   information which may be shared with the Financial

2   Litigation Unit of the United States Attorney's office.

3           You're to participate in a program for substance

4   abuse counseling which program may include testing not to

5   exceed 104 drug tests per year.  You're to participate in a

6   mental health treatment program as directed by the probation

7   office.

8           The Court will recommend that you participate in

9   the 500-hour intensive drug treatment program provided by

10  the Bureau of Prisons.

11          The Court adopts the joint recommendation that you

12  be permitted to self-report and that will take, what, about

13  six weeks?

14          **MR. BAILEY:**  It's usually four to weeks as I

15  understand it, your Honor.

16          **THE COURT:**  Shall we say -- well, let's see here.

17  We're at the 15th.  How about the 19th of November, 2008.

18  He's to report to the place of confinement on the 19th of

19  November, 2008.

20          **MR. BAILEY:**  Thank you, your Honor.

21          **THE COURT:**  Let me explain this sentence.  The

22  Court is satisfied, the Court is satisfied in every regard

23  that this sentence does comport with the statutory

24  provisions that congress has passed under 3553(a).  The

25  government, it seems to me, has been both reasonable and

4

1    sensitive to the need for deterrence.  A three year sentence

2    is a real sentence.  I recognize that.  And a three year

3    sentence is justified here.  Looking at this particular

4    offender and his mental health issues, plus the fact that

5    substantial restitution can be made, this outcome is a just

6    and a proper one.

7         Now, while this is a binding plea agreement,

8    Mr. Luckett, I do notify you, you have the right to appeal

9    from any findings or rulings the Court has made against you.

10   Should you appeal and should your appeal be successful in

11   whole or in part and the case remanded you'll be resentenced

12   before another judge.

13        Mr. Bailey, should an appeal be decided upon, I

14   want you to order transcript from this Court prior to filing

15   the notice of appeal so I'll turn it around right away.

16        Do you understand?

17        **MR. BAILEY:**  Yes, your Honor.

18        **THE COURT:**  That's the sentence -- yes?

19        **THE PROBATION OFFICER:**  I believe the parties may

20   have waived this, but just for clarity on the record.  I

21   think the binding plea agreement includes a provision for a

22   $20,000 lump sum payment on restitution.  The Court may just

23   want to articulate on the record whether or not that part of

24   the agreement is being enforced.

25        **MR. BAILEY:**  We actually have a follow-up agreement

1    on that.

2             Go ahead.

3             MR. BALTHAZARD:  Well, my understanding, your

4    Honor, had been, and we agreed to forgo it in light of the

5    circumstances, the 20,000 was money that had been bail money

6    made available when Mr. Luckett was originally arrested by

7    Boston Police.  It had been held and then returned at the

8    time that he was released.  The understanding was that that

9    was going to be turned over in this proceeding.  In the

10   meantime, Mr. Luckett's father and stepmother have been

11   involved in, I guess a very difficult divorce proceeding.

12   Those funds are all tied up.  They're not available, and he

13   doesn't anticipate they would be made available.  Under the

14   circumstances, we felt it was appropriate to go forward on

15   the terms that had been previously negotiated.  And

16   that's --

17            THE COURT:  Without such an agreement.

18            MR. BALTHAZARD:  Without -- there's no written

19   agreement to that effect, your Honor, but it seemed the

20   appropriate thing to do.

21            THE COURT:  Right.

22            MR. BAILEY:  That's correct, your Honor.

23            THE COURT:  I understand and concur fully.

24            Very well.  That's the judgment of the Court.

25            We have a final pretrial conference which I'll do

6

 1    in chambers in a civil, in the lobby, in a civil case.

 2              We'll recess.

 3              THE CLERK:  All rise.

 4              MR. BAILEY:  Thank you, your Honor.

 5              THE CLERK:  Court is in recess.

 6              (Whereupon the matter concluded.)

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25